# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | Case No. 4:17-cr-11 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| JESSE O. CARTER | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| | ) | |

## ORDER

Before the Court is Defendant Jesse O. Carter's motion to suppress. (Doc. 26.) Magistrate Judge Susan K. Lee held an evidentiary hearing on the motion and filed a report and recommendation, recommending that the Court deny Defendant's motion to suppress. (Doc. 41.) Defendant timely objected to Magistrate Judge Lee's report and recommendation (Doc. 42), and the Government filed a response to Defendant's objection (Doc. 44). The Court has conducted a *de novo* review of the record as it relates to Defendant's objections, and for the following reasons, will: (1) **OVERRULE** Defendant's objections to the report and recommendation; (2) **ACCEPT** and **ADOPT** the report and recommendation; and (3) **DENY** Defendant's motion to suppress.

## I. STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). *De novo* review does not, however, require the district court to rehear witnesses whose testimony has been evaluated by the magistrate judge. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). The magistrate judge, as the factfinder, has the opportunity to observe and to hear the witnesses and

to assess their demeanor, putting her in the best position to determine credibility. *Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002); *United States v. Hill*, 195 F.3d 258, 264–65 (6th Cir. 1999). A magistrate judge's assessment of witnesses' testimony is therefore entitled to deference. *United States v. Irorere*, 69 F. App'x 231, 236 (6th Cir. 2003); *see also United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999).

## II. BACKGROUND

On April 25, 2017, a grand jury returned a one-count indictment that charged Defendant with possession of methamphetamine with the intent to distribute in violation of Title 21, Sections 841(a)(1) and 841(b)(1)(A), of the United States Code. (Doc. 1.) On October 31, 2017, Defendant filed a motion to suppress, seeking to suppress evidence obtained from a traffic stop and vehicle search, as well as incriminating statements Defendant made after his arrest. (Doc. 26.) In his motion, Defendant argues that law enforcement's initial warrantless search of his vehicle violated his rights guaranteed by the Fourth Amendment of the United States Constitution. (*Id.*) Defendant also argues that, as a result of this violation, statements he made to law enforcement after his arrest should also be suppressed. (*Id.*)

On December 13, 2017, Magistrate Judge Lee held an evidentiary hearing on Defendant's motion to suppress. (*See* Doc. 33.) At the hearing, Magistrate Judge Lee heard testimony from the following law enforcement officers from the Van Buren County Sheriff's Department: Deputy Shane Ballew, Deputy Steven Page, Lieutenant Steven Turpin, and Chief Deputy Mark Evans. (*See* Doc. 41, at 1–2.) Magistrate Judge Lee also heard testimony from Tennessee Bureau of Investigation Agent Harold Eaton. (*Id.* at 2.)

On December 29, 2017, Magistrate Judge Lee entered her report and recommendation, recommending that the Court deny Defendant's motion to suppress. (*Id.*) On January 12, 2018,

2

Defendant filed objections to Magistrate Judge Lee's report and recommendation (Doc. 42), and, on January 27, 2018, the Government filed its response to Defendant's objections (Doc. 44).

## III.     ANALYSIS

In his objections to Magistrate Judge Lee's report and recommendation, Defendant does not object to the basic facts outlined in the report and recommendation, but objects to Magistrate Judge Lee's finding that law enforcement officers possessed probable cause to conduct a warrantless search of his vehicle based on their testimony that they detected the odor of marijuana. (Doc. 42, at 1.) Specifically, Defendant objects to Magistrate Judge Lee's finding that Deputy Page and Deputy Ballew were credible witnesses and that they truthfully testified they detected the odor of marijuana in Defendant's vehicle. (*Id.*) With regard to Deputy Page, Defendant notes that he: (1) testified that he smelled, found, and seized raw marijuana more than forty times in his three-year law enforcement career, but admitted that he did not actually keep a record of the number of times he smelled marijuana during his career; (2) testified that Defendant performed poorly on his field sobriety test, but could not state with specificity what he did incorrectly on the "Walk and Turn"; (3) admitted to not being able to see the "Horizontal Gaze Nystagmus" test, but still concluded that Defendant was too impaired to drive; and (4) testified that he was on the phone with Chief Evans immediately preceding and during Defendant's traffic stop, but he could not recall anything specific about his conversation (*Id*. at 1–2.)

With regard to Deputy Ballew, Defendant notes that he: (1) testified he immediately detected the odor of "raw" marijuana in Defendant's vehicle, but his arrest report only stated that

he smelled the "distinct odor of marijuana";[1] (2) testified that he had smelled marijuana approximately fifty times, but acknowledged that he does not keep records of how many times he smelled and subsequently found marijuana; (3) testified that he had a canine in his vehicle during Defendant's traffic stop, but chose not to deploy the canine; and (4) initially testified that the Van Buren County Sheriff's department did not have a policy regarding inventory searches, but later changed his testimony to state that there was a written policy. (*Id*. at 2–3.)

Based on the foregoing, Defendant contends that both Deputy Page and Deputy Ballew's testimony lack credibility and, thus, their testimony that they detected the odor of marijuana in Defendant's vehicle was not credible, especially considering that they did not find marijuana in Defendant's vehicle when they searched it. Citing a lack of credible testimony, Defendant objects to Magistrate Judge Lee's conclusion that the officers' search of Defendant's vehicle was supported by probable cause.

In her report and recommendation, Magistrate Judge Lee specifically found that: (1) "Ballew's and Page's respective appearance, demeanor, consistency, and descriptive account of the day's events, including that each smelled raw marijuana originating from [Defendant's vehicle], was entirely credible"; (2) Deputy Page and Deputy Ballew's "testimony about their respective training, experiences, and ability to detect the odor of raw marijuana is convincing"; and (3) "the officers truthfully testified they detected the odor of marijuana and, thus, had probable cause to believe marijuana was in the vehicle." (Doc. 41, at 15.) In presiding over the evidentiary hearing on Defendant's motion to suppress, Magistrate Judge Lee was in the best position to observe and hear Deputy Page and Deputy Ballew's testimony, and, ultimately, in the

---

[1] Defendant contends that Deputy Ballew decided to make the distinction between raw and burnt marijuana at the evidentiary hearing because he learned, after the Defendant's traffic stop, that Defendant's blood test was negative for marijuana. (Doc. 42, at 3.)

4

best position to assess their credibility. *Moss*, 286 F.3d at 868; *Hill*, 195 F.3d at 264–65. As such, Magistrate Judge Lee's assessment of Deputy Page and Deputy Ballew's testimony is entitled to deference. *Irorere*, 69 F. App'x at 236; *see also Navarro-Camacho*, 186 F.3d at 705. The Court finds that the purported inconsistencies identified by Defendant are insufficient to overrule Magistrate Judge Lee's finding that Deputy Page and Deputy Ballew's testimony was credible and, thus, her finding that the officers possessed probable cause when they searched Defendant's vehicle. Accordingly, the Court will overrule Defendant's objections to the report and recommendation, accept and adopt the report and recommendation, and deny Defendant's motion to suppress.

## IV. CONCLUSION

For the reasons stated herein, the Court: (1) **OVERRULES** Defendant's objections to the report and recommendation (Doc. 42); (2) **ACCEPTS** and **ADOPTS** the report and recommendation (Doc. 41); and (3) **DENIES** Defendant's motion to suppress (Doc. 26).

**SO ORDERED**.

*/s/Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**